IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KARNELL NELSON, #N91564,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 20-027-RJD |
| ) | |
| **WARDEN DENNISON,** ) | |
| **WARDEN GRISSOM,** ) | |
| **WARDEN WALKER,** ) | |
| **KAREN SMOOT,** ) | |
| **DR. ALFONSO DAVID,** ) | |
| **and C/O DUNNING,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Karnell Nelson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Docs. 1, 7). Plaintiff asserts that while he was imprisoned at Shawnee Correctional Center ("Shawnee"), he was harassed on account of his disability, was confined in unsanitary and dangerous conditions, and his serious medical needs were met with deliberate indifference, all in violation of the Eighth Amendment. (Doc. 1, pp. 3-5). He seeks monetary damages, medical care, and a stop to the harassment. (Doc. 1, p. 8).

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**The Complaint**

Plaintiff makes the following allegations in his Complaint: On November 30, 2018, during the lunch meal, Defendant C/O Dunning took Plaintiff's slow walking medical permit and attempted to have the Health Care Unit terminate it. Dunning continued to harass Plaintiff daily. (Doc. 1, p. 3).

Defendants Dennison, Grissom and Walker allowed harmful and unhealthy conditions to persist at Shawnee. (Doc. 1, pp. 3-4). Plaintiff became ill and had trouble breathing and sleeping because Dennison ordered the windows to be screwed shut in the winter and the ventilation system was dirty and inadequate. When the outdoor temperature was warm the cell became "steaming hot" and lacked fresh air. Paint was peeling off the walls and got into Plaintiff's food, mouth, and hair. His mattress was stained with human feces and liquids. His food was regularly contaminated with bleach water which was left pooled in the trays when food was placed on them. Plaintiff became sick numerous times after eating chow hall food, which was stored at room temperature.

Plaintiff was suffering severe side effects from medication that he took for his Hepatitis C. He claims that Dr. Alford Davis[2] and Wexford Medical Company would not send him to a specialist and he was charged a $5.00 co-pay each time he sought treatment for his chronic illness. (Doc. 1, p. 4).

---

[2] "Dr. Alford Davis" is not a named Defendant in this action, however, the Court assumes that Plaintiff is referring to Defendant Alfonso David, who is a Defendant. (Doc. 1, pp. 1-2).

Plaintiff has severe hearing loss in both ears and was denied hearing aids or other assistive devices. Defendant Dennison notified Dr. Eithin Wilke of Plaintiff's condition, but Wilke reported that Plaintiff did not have any hearing problems. (Doc. 1, p. 4).

Finally, Plaintiff asserts that he was harassed by several Shawnee officials, including Defendant C/O Dunning, Ms. Smooch,[3] Casey Lee, Lt. Browning, C/O Anderson, C/O Moor, and Kim Johntson, for being disabled. They told Plaintiff there is nothing wrong with him and to stop complaining because there was nothing they could do. ADA Coordinator Smooch failed to timely respond to a letter from Plaintiff, forged her name on a permit and changed the dates. (Doc. 1, p. 5).

## Preliminary Dismissals

The Complaint raises claims against a number of individuals as well as against Wexford Medical Company, but the case caption lists only Wardens Dennison, Grissom, and Walker; Karen Smoot, Dr. Alfonso David, and C/O Dunning. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice.[4] *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against C/O Dunning for attempting to terminate Plaintiff's

---

[3] "Ms. Smooch" is not among the named Defendants, but the Court assumes Plaintiff is referring to Defendant Karen Smoot. (Doc. 1, pp. 1-2).
[4] The individuals are: Dr. Eithin Wilke, Casey Lee, Lt. Browning, C/O Anderson, C/O Moor, and Kim Johntson. (Doc. 1, pp. 4-5).

3

|  |  |
|---|---|
| | medical slow walk permit. |
| Count 2: | Eighth Amendment deliberate indifference claim against Wardens Dennison, Grissom, and Walker for subjecting Plaintiff to dangerous and unsanitary cell conditions and contaminated food, which have caused him to become ill. |
| Count 3: | Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Alfonso David for failing to treat Plaintiff's side effects from his Hepatitis C medication. |
| Count 4: | Eighth Amendment deliberate indifference to serious medical needs claim against Warden Dennison for failing to address Plaintiff's severe hearing loss. |
| Count 5: | Eighth Amendment deliberate indifference claim against Karen Smoot and C/O Dunning for harassing Plaintiff based on his disability. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[5]

Further, the Court notes that Plaintiff's requests for the Court to order medical care and a stop to the harassment appear to have become moot due to his transfer away from Shawnee. The Court will not address these requests for relief unless Plaintiff can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

## Count 1

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

Here, the fact that Plaintiff was given a "slow walk" permit indicates that he has a medical need for it, but he gives no information as to what medical condition gave rise to the permit. Plaintiff mentions that he has "heart problems" but says nothing more about that issue; he is hard of hearing but does not connect that condition to the permit. (Doc. 1, p. 4). Based on this minimal information, the Court cannot determine whether Plaintiff suffered from an objectively serious medical condition relevant to the slow walk permit. Further, Plaintiff does not claim that C/O Dunning knew he had an objectively serious medical condition for which he was given the slow walk permit, nor does he allege that Dunning succeeded in terminating the permit. Plaintiff states that Dunning's "harassment continues daily" but does not indicate that his actions resulted in any harm to Plaintiff or placed him at risk of injury.

These allegations are insufficient to rise to the level of an Eighth Amendment claim. "[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009). *See also DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). **Count 1** shall therefore be dismissed without prejudice.

### Count 2

The allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate

indifference claim in Count 2 against Defendant Wardens Dennison, Grissom, and Walker for subjecting him to unconstitutional conditions of confinement. He alleges that the conditions deprived him of safe, uncontaminated food, denied him sanitary bedding, and exposed him to extremes of temperature and insufficient ventilation which caused him to become ill. He further suggests these Defendants were aware of at least some of these unhealthy conditions yet took no steps to remedy them. *See Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). **Count 2** shall therefore proceed for further consideration in this action.

## Count 3

This claim concerns Plaintiff's side effects from medication given to him for Hepatitis C, alleging that Dr. Alford Davis (construed by the Court to mean Defendant Dr. Alfonso David) was deliberately indifferent to Plaintiff's need for treatment of serious symptoms. Plaintiff's claim in Count 3 is improperly joined with the claim in Count 2 as well as the remaining claims and will therefore be severed into a new action. *See George*, 507 F.3d at 607 (unrelated claims against different defendants belong in separate lawsuits).

## Count 4

Plaintiff's allegations against Warden Dennison for denial of hearing aids or other assistive devices fail to state an Eighth Amendment deliberate indifference claim. Plaintiff asserts only that Dennison "notified Dr. Eithin Wilke[6] about [Plaintiff's] hearing condition[,]" after which the

---

[6] As noted above, Plaintiff failed to name Dr. Eithin Wilke as a Defendant in this action. Should Plaintiff wish to pursue any claim against Dr. Wilke, he must file a new lawsuit, as unrelated claims against different defendants may not be joined in a single action. *See* FED. R. CIV. P. 20; *George,* 507 F.3d at 607.

doctor told Dennison that Plaintiff had no hearing problems. (Doc. 1, p. 4). This is the opposite of deliberate indifference on Dennison's part; referral of a medical issue to a health care provider is a proper response when a non-medical prison official receives an inmate request. Because the Complaint does not allege that Dennison engaged in any conduct that placed Plaintiff at risk of harm, **Count 4** shall be dismissed without prejudice.

### Count 5

Plaintiff likewise fails to state an actionable claim against Karen Smoot (described in the body of the Complaint as Ms. Smooch) or C/O Dunning for harassment based on Plaintiff's disability. While he asserts that he is disabled, Plaintiff does not describe what condition allegedly made him a target for harassment. Further, he does not explain how Smoot's delay in responding to his letter or alleged forgery of her name and alteration of dates on a permit amounted to cruel and unusual punishment, or whether her actions deprived him of access to any programs or accommodations relating to his disability. Finally, as noted in the discussion of Count 1 above, verbal "harassment" by Smoot and Dunning, consisting only of comments that Plaintiff has nothing wrong with him and should stop complaining, does not amount to an Eighth Amendment violation. *See Dobbey*, 574 F.3d at 446: *DeWalt*, 224 F.3d at 612. **Count 5** shall be dismissed without prejudice.

### Official Capacity Claims

Plaintiff raises claims against each defendant in his or her individual and official capacities. (Doc. 1, p. 5). However, his claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the individual defendants are dismissed without prejudice.

**Severance**

Rule 20 of the Federal Rules of Civil Procedure prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George,* 507 F.3d at 607. *See also Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (district courts should not allow inmates to combine multiple lawsuits into a single complaint); 3A *Moore's Federal Practice* § 20.06, at 2036-45 (2d ed. 1978).

Here, the claims in Count 2 against Dennison, Grissom, and Walker for unconstitutional conditions are not properly joined with the medical deliberate indifference claim in Count 3 against Dr. David. The Court exercises its authority under Rule 21 and will sever the improperly joined claims. Count 2 shall remain in this action and Count 3 shall be severed into a separate action. *See* FED. R. CIV. P. 21.

**Disposition**

*Severance*

**IT IS HEREBY ORDERED** that **COUNT 3** against Dr. Alfonso David is severed into a new case.

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order
(2) The Original Complaint (Doc. 1)
(3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)
(4) Plaintiff's notice of change of address (Doc. 7).

**IT IS FURTHER ORDERED** that the *__only claim remaining in this action is COUNT 2 against Defendants Dennison, Grissom, and Walker__*. This case shall now be captioned as:

**KARNELL NELSON, Plaintiff, vs. WARDEN DENNISON, WARDEN GRISSOM, and WARDEN WALKER, Defendants.**

**IT IS FURTHER ORDERED** that Defendant **DR. ALFONSO DAVID** is **TERMINATED** from *this* action with prejudice.

*Merits Review*

**IT IS HEREBY ORDERED** that **COUNTS 1, 4, and 5,** and **DEFENDANTS KAREN SMOOT** and **C/O DUNNING** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 2** against Dennison, Grissom, and Walker survives preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed in the instant case.

The Clerk of Court shall prepare for Defendants **DENNISON, GRISSOM,** and **WALKER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  November 4, 2020

> *s/ Reona J. Daly*
> **REONA J. DALY**
> **United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to

wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.